# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLARENCE G. GOREE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )     Case No. 17−cv−0685−JPG |
| | ) |
| J. SERIO, | ) |
| JEANNETTE SPENCE, | ) |
| RICHARD W. SCHOTT, | ) |
| JAMES CROSS, JR., and | ) |
| MARK THOMAS, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Clarence Goree, an inmate in Federal Correctional Institute Gilmer, brings this action for deprivations of his constitutional rights pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 ("FTCA") and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for events that happened at Greenville Correctional Center. Plaintiff requests expungement of a disciplinary report dated May 9, 2013, immediate release from prison,[1] and $250,000 in damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] This request for relief is only cognizable in a habeas proceeding; it is not relief available pursuant to *Bivens* or the FTCA.

1

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

Plaintiff alleges that his trust fund account at FCI Greenville was encumbered for several months in 2013 by Warden James Cross, J. Serio, and Mark Thomas. (Doc. 1, p. 5). Cross encumbered the funds on his authority alone, and not because of any court order. *Id.* Plaintiff alleges that Cross never provided a documented reason for encumbering the funds. *Id.* An exhibit attached the Complaint shows that an unknown individual requested the encumbrance due to an ongoing investigation by the FBI into possible criminal activity. (Doc. 1, p. 15). The

SIS Office at Greenville requested Plaintiff's account be un-frozen on December 30, 2013. (Doc. 1, p. 16).

Exhibits attached to the Complaint show that Plaintiff inquired about the encumbrance on July 29, 2013. (Doc. 1, p. 7). Cross's response notes that $25,000 of Plaintiff's inmate account was encumbered due to an ongoing investigation pursuant to FBOP Program Statement 4500.08 on June 17, 2013. (Doc. 1, p. 8). Plaintiff also retained counsel, who wrote to Warden Cross and Ms. Spence on July 18, 2013 and demanded that Plaintiff's funds be made available to him immediately. (Doc. 1, p. 12).

Richard Schott, the Federal Bureau of Prisons Regional Counsel, mishandled Plaintiff's tort claim, preventing Plaintiff from "proper recourse." (Doc. 1, p. 5). Plaintiff submitted a claim to the Federal Bureau of Prisons seeking $4,391.83. (Doc. 1, p. 10). Schott sent Plaintiff correspondence on June 10, 2014 acknowledging receipt of the claim. *Id.* Although the original correspondence referenced the Federal Tort Claims Act, 28 U.S.C. § 1346 (b), 2671 et. seq., Schott's subsequent correspondence denied Plaintiff's claim under 31 U.S.C. § 3723 and informed Plaintiff that he could not seek judicial review of his claim on October 17, 2014. (Doc. 1, p. 25). Plaintiff requested reconsideration on October 24, 2014 on the grounds that 1) he brought his claim under the FTCA, not § 3723; 2) that Cross was "wrong and negligent." (Doc. 1, p. 9).

Plaintiff also submitted documentation on other administrative remedies he pursued. It appears that he submitted remedy No. 743411-R1 regarding the encumbrance of his account in the fall of 2013. (Doc. 1, pp. 17-19). Plaintiff received a final response to his grievance on May 20, 2015 on the grounds that the funds were no longer encumbered. (Doc. 1, p. 19). Plaintiff also submitted a BP-9 form on the disciplinary report he received on May 20, 2013, Case No.

739334-R1. (Doc. 1, pp. 21-22). His appeal of his disciplinary report was partially granted on May 8, 2015. (Doc. 1, p. 24).

The disciplinary report that Plaintiff requests expunged is dated May 10, 2013. (Doc. 1, p. 20). Plaintiff was charged with insolence for refusing to answer J. Serio's questions about "the issue." *Id.* Plaintiff lost 90 days of email, phone, visiting, and commissary. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 4 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. None of Plaintiff's claims survive threshold review:

> **Count 1** – Cross, Serio, Thomas and Spence encumbered Plaintiff's trust fund account in the amount of $25,000 in violation of his due process and equal protection rights under the Fifth Amendment;
>
> **Count 2** – Schott failed to properly respond to Plaintiff's administrative requests for a remedy in violation of the due process clause of the Fifth Amendment;
>
> **Count 3** – Serio violated Plaintiff's due process rights under the Fifth Amendment when he wrote him a false disciplinary report alleging Plaintiff was insolent;
>
> **Count 4** – Plaintiff's trust fund account was improperly frozen in violation of the FTCA.

As to Plaintiff's **Count 1**, although inmates have a property interest in their personal funds on deposit in prison accounts, Plaintiff was not ultimately deprived of any property. The inquiry is whether the temporary deprivation of funds is protected under the due process clause. The Constitution does not provide a basis for finding a liberty interest in Plaintiff's trust fund account. *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986); *Watson-El v. Wilson*, No. 08 C 7036, 2010 WL 3732127 at *6 (N.D. Ill. Sept. 15, 2010). Without an interest grounded in the

Constitution, Plaintiff must point to an interest created by federal or state law. *Id.* For federal inmates, the proper inquiry is to look to the relevant prison regulations involving inmate commissary accounts. *Id.* Although Plaintiff repeatedly argues that the Warden encumbered his account without any authority, his exhibits clearly state that the Warden encumbered his funds pursuant to BOP Program statement 4500.08:

> Encumbrance of inmate funds for various reasons is essential. Careful consideration is given before to any action; encumbrances are not made indiscriminately. An encumbrance may be made for various reasons. . . . Encumbrances are at the Warden's discretion or the result of a disciplinary hearing sanction. . . . Funds the Warden encumbers may only be released upon his/her approval or upon inmate release. (Doc. 1, p. 15).

The regulations do not entitle Plaintiff to any process regarding encumbrances of his trust fund account because it leaves encumbrances solely to the Warden's unlimited discretion. *Id.* ("Unless the regulation limits an official's discretion in denying the benefit to "objective and defined" criteria, no protected interest has been created.") quoting *Olin v. Wakinekona*, 461 U.S. 238, 249 (1983). Plaintiff has no claim for violation of his due process rights.

Plaintiff has also alleged that he was discriminated against. Plaintiff has not made a valid claim for discrimination because he has not alleged that he is a member of a protected class or that similarly situated people outside of the protected class were treated differently. *Pacheco v. Lappin*, 167 F. App'x 562, 564 (7th Cir. 2006); *Brown v. Budz,* 398 F.3d 904, 916 (7th Cir. 2005). Thus he has failed to state an equal protection claim.

Even if Plaintiff had stated a valid constitutional claim in Count 1, the claim would still be barred by the statute of limitations. Although typically the statute of limitations is an affirmative defense raised by the defendants, the Court may invoke an affirmative defense on behalf of an un-served defendant if it is clear from the face of the complaint that the defense applies. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d

5

758, 760 (7th Cir. 2002). The defense must be both apparent and unmistakable. *Walker*, 288 F.3d at 1010.

*Bivens* actions are considered to be personal injury claims and are governed by the statute of limitations of the state in which the injury occurred, in this case, Illinois. *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996). In Illinois, personal injury claims are governed by a two-year statute of limitations. *Id.*; 735 ILCS 5/13-202 (personal injury actions "shall be commenced within 2 years next after the cause of action accrued"). Therefore, a two-year statute of limitations applies to Plaintiff's *Bivens* claims.

Plaintiff is entitled to some tolling on his claim, because he could not have brought suit until he exhausted the administrative remedy process. 42 U.S.C. § 1997e(a); see also *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (noting that federal prisoners suing under *Bivens*, like state prisoners suing under § 1983, must exhaust inmate grievance procedures before they can file their suit).

Documents attached to the Complaint show that Plaintiff completed the administrative grievance process for his *Bivens* claim on May 20, 2015—nearly 2 years after the events at issue here began. Assuming that Plaintiff was entitled to toll the statute of limitations for that entire time period,[2] he still would have had to file suit within 2 years of the final denial of his grievance or no later than May 20, 2017. Plaintiff's Certificate of Service indicates that he put his Complaint in the mail for filing on June 20, 2017, a month after the statute of limitations expired. Therefore, **Count 1** is also untimely and will be dismissed with prejudice.

**Count 2** will also be dismissed with prejudice as legally frivolous because Plaintiff has no legal interest in the proper functioning of the administrative remedy process. *Antonelli v.*

---

[2] Typically the time between the incident and the start of the grievance process is not tolled, but the BP-8 as to this claim is not part of the record.

*Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Furrow v. Lappin*, 2:09-cv-387-WTL-DML, 2009 WL 9052194 *1 (S.D. Ind. Dec. 28, 2009) ("[T]here is no viable claim which can be vindicated through a *Bivens* action based on the alleged mishandling of grievances."). Plaintiff has alleged that Schott misunderstood which statute he was attempting to invoke in his Form 95 and improperly denied the administrative remedy, but such conduct, even if wrongful, states no claim. Plaintiff has not alleged that Schott was personally involved in the decision to encumber his funds initially, and Plaintiff did not submit his claim to Schott until May 2014, well after the funds had been restored, so Schott could not be liable on a failure to intervene theory. More to the point, as the Court has found that encumbrances do not deprive Plaintiff of any constitutionally protected interest, Plaintiff has no underlying constitutional claim in which Schott could have been involved. **Count 2** will be dismissed with prejudice.

As to **Count 3**, Plaintiff has alleged that Serio wrote him a false disciplinary report alleging that Plaintiff was insolent, when all Plaintiff did was refuse to answer his questions. Allegations of false disciplinary reports do not state a claim where due process is afforded. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). The Seventh Circuit Court of Appeals has reasoned that the due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses. A hearing before a presumably impartial hearing officer terminates an officer's possible liability for the filing of an allegedly false disciplinary report. *Hawkins v. O'Leary*, 729 F. Supp. 600, 602 (N.D. Ill. 1990), relying on *Hanrahan v. Lane*, supra, 747 F.2d at 1141. The procedural requirements of a disciplinary hearing protect prisoners from arbitrary actions of prison officials. *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987).

Plaintiff also has no due process claim in the results of his disciplinary hearing because he has not alleged that he was deprived of a liberty interest. When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The Seventh Circuit has limited the ability of prisoners to assert that terms in segregation implicate a liberty interest. *Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 697 (7th Cir. 2009). Whether a prisoner has a liberty interest implicated by special confinement relies on whether the confinement imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

Plaintiff has not alleged that his sentence was lengthened as a result of the hearing, nor has he alleged that he was subjected to atypical and significant hardship as a result of the hearing. In fact, the exhibits attached the Complaint show that Plaintiff only lost 90 days of privileges, which is not a deprivation that the Constitution recognizes. Plaintiff has not articulated a viable due process claim in **Count 3**. Because a false disciplinary report does not violate the due process clause and his exhibits show that he did not lose anything that would be recognized as a liberty interest, **Count 3** will be dismissed with prejudice as legally frivolous.

Turning to **Count 4**, this claim fails for 3 reasons. First of all, although Plaintiff has indicated in the Complaint and in a subsequent Motion that he wishes to bring claims under the FTCA, Plaintiff did not actually name the United States as a defendant here, which is fatal to his claim. *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir.1982) (per curiam); accord, e.g., 28 U.S.C. § 2679(a), (b)(1).

The claim also falls within the discretionary function exception for tort liability under the FTCA. 28 U.S.C. § 2680(a); *Berkovitz v. United States*, 486 U.S. 531, 535 (1988). The exception covers conduct that is made in an official's discretion for reasons of public policy. *United States v. Gaubert*, 499 U.S. 315, 322 (1991). Plaintiff's claim falls within the exception. There is a relevant regulation that explicitly grants the warden discretion to encumber inmate accounts. Here, the account was encumbered as part of an external investigation into possible criminal activity. Deterring criminal activity is in the public interest, therefore the funds were encumbered in the service of public policy. **Claim 4** fails because it falls within an exception to the FTCA's waiver of federal sovereign immunity.

Even if the claim was not bared by § 2680(a), it would still fail because it is also barred by the statute of limitations.[3] "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401. Plaintiff received notice that his claim had been denied by the Bureau of Prisons on October 17, 2014. (Doc. 1, p. 11). He should have filed suit no later than April 17, 2015. Yet Plaintiff waited until June 20, 2017—more than 2 years past the statute of limitations. His claim is therefore untimely. For all of the above reasons, **Count 4** shall be dismissed with prejudice.

Finally, Plaintiff requested $4,391.83 from the Bureau of Prisons in compensation. (Doc. 1, p. 10). Presumably, that was the amount of attorney fees he incurred in removing the encumbrance. Plaintiff now requests $250,000. Plaintiff is barred from recovering more than

---

[3] This is also why any amendment to substitute or add the United States as a defendant would be futile. *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981) (rejecting argument that amendment adding the United States related back to the original complaint for statute of limitations purposes).

the amount that he requested from the Bureau of Prisons on his FTCA claim. 28 U.S.C. § 2675. So even if this claim survived, he would not be able to recover the $250,000 that he seeks.

### Pending Motions

Plaintiff filed a Motion to Amend/Supplement the Complaint on July 11, 2017. (Doc. 5). That Motion indicates that Plaintiff was attempting to bring suit pursuant to both § 1331 (*Bivens*), and §§ 1346; 2671 et seq., (FTCA). The original Complaint only checked the box noting an FTCA claim. (Doc. 1, p. 1). The Court does not accept piecemeal amendments to Complaints. However, noting that Plaintiff proceeds pro-se and had named individual defendants, the Court construed the original Complaint as bringing claims both pursuant to *Bivens* and the FTCA, and reviewed it accordingly. Therefore, Plaintiff's Motion is **MOOT**. (Doc. 5).

### Disposition

**IT IS HEREBY ORDERED** that **Count 1** will be **DISMISSED with prejudice** for failure to state a claim and for being untimely. **Counts 2 and 3** will be **DISMISSED with prejudice** as legally frivolous. **Count 4** will be **DISMISSED with prejudice** for failure to name the proper defendant, on sovereign immunity grounds, and for being untimely. Plaintiff's Motion to Amend/Supplement is **MOOT**. (Doc. 5). As Plaintiff's claims cannot be saved through amendment, this case is **DISMISSED with prejudice** and judgment will enter.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e);

28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**
**DATED: September 25, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**